UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| WILLIAM L.A. CHURCH, et al., )<br>    *Plaintiff*, )<br> )<br>v. )<br> )<br>UNITED STATES OF AMERICA, et al. )<br>    *Defendants.* ) | Case No. 1:24-cv-00013-KAC-CHS |

## REPORT AND RECOMMENDATION

This matter is before the Court upon Plaintiff William L. A. Church's motion to proceed *in forma pauperis* [Doc. 1]. For the reasons stated herein, it is **RECOMMENDED** that Plaintiff's motion be **DENIED** and that Plaintiff be given **THIRTY (30) days** in which to pay the filing fee of $405.00 or the Court will dismiss this action for failure to prosecute and assess the full amount of the filing fee to be paid from plaintiff's inmate trust account.

Plaintiff is and was at the time he filed this action incarcerated at the Buckingham Correctional Center in Dillwyn, Virginia. He has filed three previous civil actions in this Court while incarcerated, all of which have been dismissed as frivolous or for failure to state a claim, *to wit*, *Church v. NAACP*, 1:93-cv-00371-RAE (E.D. Tenn. Aug. 31, 1993); *Church v. U.S. Gov't.*, 1:95-cv-00153-RAE (E.D. Tenn. May 16, 1995); *Church v. Tennessee*, 1:95-cv-00154-RAE (E.D. Tenn. May 19, 1995).

The Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. §1915(a), provides the Court's authority to grant a prisoner's application to proceed *in forma pauperis* in a civil action. *See* 29 U.S.C. § 1915(a). However, the PLRA also provides, in relevant part, that ["i]n no event shall a prisoner bring a civil action . . . or proceeding under this section if the prisoner has, on three occasions, while incarcerated or detained in any facility brought an action . . . in a court of the

United States that was dismissed on the grounds that it . . . fails to state a claim upon which relief may be granted, unless the prisoner is in imminent danger of serious physical injury." 28 U.S.C. § 1915(g). As previously noted, on three prior occasions, Mr. Church, who is currently a prisoner, brought actions, while incarcerated, in this United States District Court, all of which have been dismissed for failure to state a claim. Mr. Church attempts to assert many claims in his fifty page handwritten complaint on behalf of nine Ku Klux Klan entities against all past and present directors of the FBI and the CIA and many other past and present government officials. He does not, however, allege he is *currently* in imminent danger of serious physical injury. Consequently, Mr. Church cannot proceed *in forma pauperis*. 28 U.S.C. § 1915(g).

For the reasons stated herein, it is **RECOMMENDED**[1] that:

1. Plaintiff's Motion to Proceed *in forma pauperis* [Doc. 1] be **DENIED**.

2. Plaintiff be given **THIRTY (30) DAYS** to pay to the Clerk of Court the $405.00 filing fee or this Court dismiss this action for failure to prosecute.[2]

3. In the event that Plaintiff does not pay the filing fee of $405.00 and this action is dismissed, Plaintiff be assessed the full amount of the filing fee which shall be collected from his inmate trust account.

**ENTER.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified constitutes a forfeiture of the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).

[2] *Valenzuela v. Corizon Health Headquarters*, No. 3:18-cv-00432, 2018 WL 11471663, at *1 (M.D. Tenn.. May 21, 2018) (requiring collection of filing fee from inmate who failed to pay filing fee after being ordered to do so pursuant to 28 U.S.C. § 1915(g)); *Cox v. Samu*, No. 3:16-cv-P284-TBR, 2016 WL 4940344, at *1 (W.D. Ky., Sept. 14, 2016) (same).