UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| WILLIAM L.A. CHURCH, et al.; | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 1:24-CV-13-KAC-CHS |
| | ) | |
| UNITED STATES OF AMERICA, et al.; | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS

This action is before the Court on the "Objections to the Magistrate Judges Order Entered On 8-21-25 Doc. 22 Denying Service of Process Pursuant to Gibbs v. Jackson, 92 4Fd 566 (24)," filed by Plaintiff William L.A. Church, who is proceeding pro se [Doc. 23]. Plaintiff raises various purported objections to United States Magistrate Judge Christopher H. Steger's August 21 Order Denying Plaintiff's Motions for Reconsideration [Doc. 22] [*See* Doc. 23 at 1-2]. For the below reasons, the Court overrules Plaintiff's objections.

**I.   Background**

On January 18, 2024 Plaintiff, who is incarcerated, purported to bring this action on behalf of himself and several Ku Klux Klan-affiliated entities [Doc. 2 at 1]. He identifies the United States and various government agencies and individuals (former and current employees of a government entity, both alive and deceased) as defendants [*See id.*]. Along with the Complaint, Plaintiff filed a Motion For Leave to Proceed In Forma Pauperis ("IFP") [*See* Doc. 1 at 1]. Because Plaintiff had "on three prior occasions" "while incarcerated" "brought actions" that were "dismissed for failure to state a claim," Judge Steger recommended that the undersigned deny Plaintiff's Motion to Proceed IFP [*See* Doc. 6 at 1-2 (citing 28 U.S.C. Section 1915(g)); *see also*

Doc. 14 at 1]. Over Plaintiff's objection, the undersigned adopted that recommendation, denied Plaintiff's Motion for Leave to Proceed IFP, and ordered Plaintiff to pay the filing fee if he wished to continue with his action [Docs. 7, 8 at 1-2].

Plaintiff paid the filing fee. Thereafter, the Court ordered Plaintiff to complete summons forms for each Defendant and "serve each defendant with a signed summons and complaint as required by Federal Rule of Civil Procedure 4 and within the time required by Rule 4(m)" [Doc. 14 at 1]. The Court reminded Plaintiff that "because he is not proceeding *in forma pauperis*," "the United States Marshal will not serve the defendants" as a matter of course, but rather "[i]t is Plaintiff's responsibility" to effectuate service [*See id.*]. *See also* Fed. R. Civ. P. 4(c). Plaintiff filed two Motions for Reconsideration [Docs. 19, 21].

On August 21, Judge Steger issued an order (1) denying Plaintiff's Motions for Reconsideration [Docs. 19, 21] and (2) requiring Plaintiff to properly serve each defendant "within 90 days" of the Order [Doc. 22 at 3]. Plaintiff then filed the instant purported objections to the August 21 Order [Doc. 23].

**II.      Analysis**

The Court liberally and properly construes Plaintiff's Objections under Rule 72(a). Rule 72(a) provides that the Court must "modify or set aside any part of" the nondispositive order of a magistrate judge "that is clearly erroneous or contrary to law." *See* Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). That standard affords "considerable deference" to the magistrate judge's determinations. *In re Search Warrants Issued Aug. 29, 1994*, 889 F. Supp. 296, 298 (S.D. Ohio 1995) (internal citations omitted). The Court reviews factual findings for clear error and reviews conclusions of law de novo. *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th

2

Case 1:24-cv-00013-KAC-CHS      Document 24      Filed 12/05/25      Page 2 of 5      PageID #: 347

Cir. 2019). A legal conclusion is contrary to law if "it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Id.* (internal citations omitted).

Boiled down and liberally construed, Plaintiff raises two species of legal objections to the August 21 Order. **First**, Plaintiff objects that the Court must order the U.S. Marshal or some other Court-appointed person to effect service on his behalf under Federal Rule of Civil Procedure 4(c)(3) [Doc. 23 at 1-2]. **Second**, Plaintiff objects that the August 21 Order did not more specifically address the alternative service methods Plaintiff proposed [*Id.* at 2 (appearing to refer to Doc. 19)]. Both objections fail.

In his first objections, Plaintiff appears to primarily rely on *Gibbs v. Jackson*, 92 F.4th 566, 569 (5th Cir. 2024) to assert that he is entitled to service by the U.S. Marshals as a matter of right under Rule 4(c)(3) [*See* Doc. 23 at 1]. As an initial matter, Plaintiff is not entitled to service by the U.S. Marshals under Rule 4(c)(3) as a matter of right. *See* Fed. R. Civ. P. 4(c)(3) (providing that "[a]t the plaintiff's request, the court **may order** that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." (emphasis added)). Second, Plaintiff's reliance on *Gibbs* is misplaced. *Gibbs* did not address when the Court should order service by the Marshals for a plaintiff who is not proceeding IFP. Instead, *Gibbs*, an out-of-circuit case, concluded that the district court abused its discretion by, among other things, denying as moot the plaintiff's motion to proceed IFP "simply because" the plaintiff had already paid the filing fee. *See Gibbs*, 92 F.4th at 569. That did not happen here. The Court denied Plaintiff

3

permission to proceed IFP because he is ineligible under the law[1] [*See* Docs. 6, 8]. *See* 28 U.S.C. § 1915(g). The first objections therefore fail.

In his second objections, Plaintiff complains that the Court did not more specifically address his requests to: (1) "waive[]" "service" under Rule "4(d)(1)(G);" (2) "appoint counsel" to serve Defendants; (3) allow service of process by "another inmate;" or (4) allow "electronic service by the clerk of court" under "Rule 5" [Doc. 23 at 2-3]. The Court addresses each request below in more details.

First, Rule 4(d)(1) allows a plaintiff to "request that the defendant waive service." *See* Fed. R. Civ. P. 4(d) (emphasis added). There is no indication that Plaintiff has requested a waiver of service from any Defendant under Rule 4(d)(1). Further, neither Plaintiff's pro se status nor any facts he demonstrates entitle him to a general "waiver" of the service requirement. *See Aug. v. Caruso*, No. 12-13775, 2015 WL 1299888, at *6 (E.D. Mich. Mar. 23, 2015), ("Pro se parties must follow the same rules of procedure that govern other litigants" (cleaned up)). Second, Plaintiff has identified no source of law, nor could the Court locate one, requiring the court to appoint counsel in this civil action, let alone for the purpose of effectuating service. Third, and similarly, Plaintiff provided no sufficient basis for the Court to allow service of process by another inmate in prison. Finally, Rule 5 does not provide for service of the ***summons and complaint*** by electronic means in the first instance. *Compare* Fed. R. Civ. P. 5 (providing rules for serving pleadings "filed after the original complaint" and other papers) *with id.* at R. 4 (providing rules for serving the "summons

---

[1] The Court already denied Plaintiff's challenge to the application of Section 1915(g) in this case [*See* Doc. 8]. To the extent Plaintiff seeks to, and could be entitled to, raise that issue again here, the Court rejects that challenge for the reasons previously stated [*See id.*].

4

and complaint"). Because the August 21 Order did not clearly err in declining to permit Plaintiff's alternative methods of service, Plaintiff's second objections fail.

### III. Conclusion

Because no portion of the August 21 Order to which Plaintiff objects is clearly erroneous or contrary to law, the Court **OVERRULES** Plaintiff's Objections [Doc. 23]. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

SO ORDERED.

_____
KATHERINE A. CRYTZER
United States District Judge